CONRAD D. LEMM v. GREAT NORTHERN RAILWAY
COMPANY.[1]

May 29, 1924.

No. 23,977.

**Reduced verdict not excessive for injury to arm.**
    A verdict of $12,000, reduced to $10,000, to compensate a car re-
pairer for an injury resulting in permanent disability of his right
arm, loss of wages and impaired hearing, is *held* not excessive.

Action in the district court for Stearns county to recover $45,000.
The case was tried before Roeser, J., and a jury which returned a
verdict for $12,000. From an order denying its motion for judgment
notwithstanding the verdict and granting a new trial unless plain-
tiff consented to a reduction of the verdict to $10,000, defendant
appealed. Affirmed.

*F. G. Dorety* and *A. L. Janes*, for appellant.
*Donohue & Quigley*, for respondent.

LEES, C.
This is an action for damages for personal injuries sustained by
plaintiff on January 10, 1923, while employed by defendant as a
car repairer at its shops at Waite Park near St. Cloud. On June
20, 1923, a verdict in plaintiff's favor for $12,000 was returned by
the jury. The trial court reduced it to $10,000 upon defendant's
motion for a new trial. Plaintiff consented to the reduction and
defendant appealed, its sole contention being that the award of
damages as reduced is still so excessive that there should be a
further reduction or a new trial.

Plaintiff was kneeling between the rails of a repair track to ex-
amine the brake pulley on a car standing with others on the track.
Some cars ran against the stationary ones and moved them 10 or
12 feet. Plaintiff was knocked down and dragged as he clung to
the brake rod under the car he was examining.

[1]Reported in 199 N. W. 20.

The injuries of which he complains are a displacement of the right collar bone, a fracture of the tip of the tibia, an injury to the right ear impairing his hearing and bruises on his head and body. An X-ray examination of the collar bone showed that the end of the bone had been thrust upward and forward and that it was detached from the sternum. The attending physician advised an operation and one was performed, but it was not successful. The bone could not be put back in place and has since united to the sternum in an abnormal position. The result is that the normal movements of the arm have been affected. In some respects there is too much freedom of motion; in one respect there is not enough. Plaintiff has difficulty in extending the arm upward and cannot bring it near his head when he raises it.

At the time of the trial the injured ankle was swollen, although the bone had healed.

Plaintiff's hearing was not normal. He testified that he had no difficulty in that respect prior to the accident. Examination of the drum membrane disclosed a scar and contraction of the membrane. This condition cannot be remedied; the impairment of hearing will be permanent. There was a difference of opinion among the medical men as to whether the accident or disease was the cause of plaintiff's defective hearing. The testimony made the question one for the jury.

Plaintiff testified that he suffered considerable pain after the accident and that he had been unable to do any work up to the time of the trial. His wages had been $5.04 a day. The injury which chiefly affects his earning capacity is the permanent displacement of the collar bone. The doctors varied in their opinions as to the extent of the disability. Some put it as high as 50 per cent and some as low as 10 per cent of the ordinary use of a normal arm.

It thus appears that the elements of damage which the jury might have found are: (1) Pain and suffering; (2) loss of wages; (3) impaired hearing; (4) permanent disability of the right arm not exceeding 50 per cent of its usefulness.

Plaintiff's only mode of earning a livelihood is manual labor. He was formerly a farmer and for some time prior to the accident had followed the trade of a carpenter. He is 29 years of age and his life expectancy is 36.3 years.

On this state of facts the query is whether the verdict should be allowed to stand. We are of the opinion that it should not be disturbed. It was excessive. The trial judge reduced it. The reduction was slight. Viewing the record without the aid of the superior knowledge a trial judge gains by hearing and seeing the witnesses, it would seem that the jury treated the plaintiff generously. The trial followed hard on the heels of the accident. With the lapse of time, it may appear that the injuries are less serious than they seemed to be when the case was heard. Of the permanency of the disability of the arm and the impairment of the hearing, there can be no question. We defer to the judgment of the trial court in declining to make a greater reduction in the amount of the verdict.

Order affirmed.